(96 App. Div. 120.)

PEOPLE ex rel. NORTH AMERICAN TRUST CO. v. KNIGHT, Comptroller.

(Supreme Court, Appellate Division, Third Department. June 30, 1904.)

1. TAXATION—CORPORATIONS—DIVIDENDS—STATUTES.

Where stockholders of a corporation paid into its treasury, in cash, solely for the purposes of strengthening the company and adding to its working capital, $500,000, for which no additional stock was issued, and the company thereafter entered into a merger agreement with another

corporation, and, for the purpose of equalizing the capital and surplus of the merging companies, $200,000 was returned to the former's stockholders, that amount was not a dividend, within Tax Law, § 182 (Laws 1896, p. 856, c. 908), providing for the taxing of corporations on the basis of dividends made and declared on capital stock, especially in view of Stock Corporation Law, § 23 (Laws 1890, p. 1071, c. 564, as amended by Laws 1901, p. 965, c. 354), providing that the directors of a stock corporation shall not make dividends except from the surplus profits arising from the business of the corporation.

Certiorari by the people, on the relation of the North American Trust Company, against Erastus C. Knight, as Comptroller of the state of New York, for the revision of his determination of relator's taxes. Modified.

The relator is a domestic corporation with a paid-up capital stock of $2,000,000. On January 1 and July 1, 1900, it paid dividends of 2½ per centum on such capital, aggregating 5 per centum for the year. In August and September, 1899, its stockholders paid into its treasury in cash the sum of $500,000, for the purpose of having that sum added to the surplus of the company. Thereafter, and on May 1, 1900, there was a merger between the relator and the International Banking & Trust Company. The company after the merger continued the business in the name of the relator, the same as before. Prior to such merger there was an audit of the accounts and books of the relator, which showed that its surplus and undivided profits were greater in proportion to its capital than the surplus and undivided profits of the International Banking & Trust Company. For the purpose of making an equalization of the proportion, and about May 1, 1900, $200,000 was returned by the relator to its stockholders. The Comptroller has regarded that as a dividend of 10 per cent. upon its capital stock, which, added to the dividend of 5 per cent. above mentioned, makes 15 per cent. for the year. He assessed the capital stock for the year in question at a valuation of $1,508,440, and upon this a tax was imposed of one-fourth of a mill for each 1 per centum of dividends; that is to say, a tax of 3¾ mills upon dividends of 15 per cent., making a total tax of $5,656.65. This writ is brought to review the denial of the application of the relator for a revision or readjustment of such account for taxes.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Edmund L. Cole, for relator.

John Cunneen, Atty. Gen., and William H. Wood, Dep. Atty. Gen., for respondent.

CHESTER, J. The relator makes no question as to the valuation placed upon the capital stock. Its sole contention is that the $200,000 returned to the stockholders were not dividends, within the meaning of that word as used in section 182 of the tax law, under which the tax was imposed (Laws 1896, p. 856, c. 908); that consequently the dividends for the year in question were only 5 per cent. on the capital stock, instead of 15 per cent.; and therefore that the rate of taxation should be reduced from 3¾ mills for each 15 per cent. to 1½ mills upon the capital stock subject to taxation under said section.

While there was proof before the Comptroller that before the merger the surplus of the relator was $1,200,000, made up of $500,-000 cash contributed by its stockholders and $700,000 earnings of the relator, yet the proof is also entirely clear and undisputed that such $200,000 returned to the stockholders during the year in question

was not from any such earnings, but was a return to them of a part of their cash contribution to such surplus, made prior to the merger. When such contribution was made, no additional stock was issued for it, and it simply went to add to the value of the stock already held by those so contributing.

Section 23 of the stock corporation law (Laws 1890, p. 1071, c. 564, as amended by Laws 1892, p. 1829, c. 688) provides that "the directors of a stock corporation shall not make dividends, except from the surplus profits arising from the business of such corporation." It seems to me clear that the $200,000 so returned cannot fairly be regarded as from the "surplus profits" of the company, for it did not in any sense arise from its profits or earnings in the course of its business, but was contributed solely for the purpose of strengthening the company and adding to its working capital. That being so, it was not a dividend, within the meaning of the law.

We think, for these reasons, that the Comptroller should have revised the account for taxes in accordance with the contention of the relator, and should have modified the tax by imposing it at the rate of 1½ mills instead of 3¾ mills.

The determination of the Comptroller should be modified by reducing the tax to $2,262.66, and, as so modified, affirmed, with $50 costs and disbursements to the relator. All concur.